UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80686-CIV-RYSKAMP/VITUNAC

ROSEMARIE PREPETIT, on her own behalf
and others similarly situated,

    Plaintiff,

v.

WAYJOHN, INC.,
a Florida corporation, d/b/a.
KFC (Kentucky Fried Chicken) and
RUSSELL J. WARDER, individually,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE comes before the Court pursuant to Plaintiff Rosemarie Prepetit's ("Plaintiff") Motion to Compel Complete Answers to Interrogatory No. 11 of Plaintiff's First Set of Interrogatories to Defendant Wayjohn, Inc. d/b/a KFC ("Defendant"), filed November 22, 2006 **[DE 18]**. Defendant responded on December 7, 2006 **[DE 19]**. Plaintiff replied on December 19, 2006 **[DE 23]**. This motion is ripe for adjudication.

Plaintiff filed this action on July 19, 2006 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), seeking allegedly unpaid overtime compensation. Plaintiff seems uncertain as to the theory of her case, however. Plaintiff's counsel indicated to Defendant's counsel in an e-mail dated August 28, 2006 that Plaintiff was paid straight time wages for overtime hours worked and was not credited for all overtime hours worked. (Def. Ex. H.) Plaintiff subsequently admitted at her deposition that a payroll journal indicated that all of the overtime hours therein displayed were compensated at time and a half. (Def. Ex. I, 49, 53.)

2

Plaintiff then asserted an "off the clock" claim, testifying that "[she is] not here to talk about the overtime," but to "[talk] about the hours that were short that they didn't pay [her] for."  (Def. Ex. I, 97.)

Plaintiff served interrogatories on Defendant on September 21, 2006.  At issue is Interrogatory No. 11, which provides as follows:

> Please identify all employees of Defendant (including former employees) who performed duties at any location where Plaintiff worked, i.e., Plaintiff's co-employees, during the period of her employment, which duties were similar to those performed by Plaintiff and were compensated by Defendant in a manner similar to Plaintiff.

Defendant objected to the interrogatory on the grounds that it was overbroad as to time and scope and vague as to the terms "similar duties" and "compensated... in a manner similar to plaintiff." Notwithstanding and without waiving those objections, Defendant provided Plaintiff with a list of names of such individuals, specifying that these individuals could only be contacted through Defendant's counsel.  Plaintiff maintains that Defendant's response is incomplete in that it did not provide these individuals' current addresses or phone numbers.

Defendant resists providing these individuals' contact information on the grounds that Plaintiff has made no showing that any other "similarly situated" employees seek to "opt-in" to this action.  See Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991) (Court will supervise notice to potential plaintiffs of their ability to "opt-in" to an FLSA action upon a finding that "there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with regard to their job requirements and with regard to their pay provisions.").  Plaintiff identified only one employee, Emanuel, who allegedly was not paid for

3

"off the clock" hours.  Plaintiff later conceded that Emanuel had been paid.  (Def. Ex. I, 106.) Plaintiff has thus failed to satisfy the Court of the existence of other employees who desire to "opt-in" to this action.  Accordingly, Defendant need not provide further identifying information for the individuals listed in response to Interrogatory No. 11.

Plaintiff claims that she has no intention of pursuing a collection action and explains that the discovery request is intended to give her counsel the ability to contact individuals who may have knowledge of her alleged "off the clock" hours.  A plain reading of the discovery request gives no indication that Plaintiff intended it as such: those "similarly situated" to Plaintiff and those knowledgeable about her alleged "off the clock" hours are not necessarily the same individuals.  Plaintiff may not revise a discovery request post hoc and then petition the Court to require Defendant to answer an unasked question.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Compel, filed November 22, 2006 **[DE 18]**, is DENIED.  Plaintiff's counsel shall be liable to Defendant for its fees and costs incurred in responding to this motion pursuant to Fed.R.Civ.P. 37(a)(4)(B).

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 29th day of January, 2007.

Copies provided:             Kenneth L. Ryskamp
all parties and counsel of record    KENNETH L. RYSKAMP
                     UNITED STATES DISTRICT JUDGE